UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-23347-CIV-ALTONAGA/Reid

**YOANDRY BENITEZ GONZALEZ**,

    Movant,

vs.

**UNITED STATES OF AMERICA**,

    Respondent.
_____/

### ORDER

On October 3, 2018, Movant, Yoandry Benitez Gonzalez filed an Amended Motion Under 28 U.S.C. [Section] 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 7]. The matter was referred to Magistrate Judge Lisette M. Reid for a report and recommendation on dispositive matters. (*See* Clerk's Notice [ECF No. 2]). On August 31, 2021, the Magistrate Judge entered her Report and Recommendation ("Report") [ECF No. 46], after holding an evidentiary hearing on July 23, 2021 (*see* Minute Entry [ECF No. 45]). The Report advised the parties they had 14 days to file objections to the Report. (*See* Report 13). To date, no objections have been filed.

In her Report, the Magistrate Judge recommends the Court grant the Amended Motion so that Movant may file a belated appeal in his criminal case, case number 17-cr-20384. Movant claims his counsel in his underlying criminal case, Jose Batista, was *per se* ineffective because Mr. Batista failed to file an appeal upon Movant's request. (*See generally* Report). The Magistrate Judge held an evidentiary hearing where Movant's mother corroborated Movant's testimony that he did in fact ask his counsel to file an appeal after his sentencing hearing. (*See*

*id.* 11–12). Mr. Batista testified that he could not recall whether Movant asked him to file an appeal. (*See id.*).

The Magistrate Judge concluded:

> Thus, liberally construing [Movant's] claim, and in light of the testimony presented at the evidentiary hearing, Movant's motion should be granted with respect to this claim. First, if in fact Movant asked Batista to file an appeal, Batista should have done so, despite the appeal waiver. Because both Movant and his mother consistently testified that Movant asked Batista to file an appeal, and because Batista does not refute this and, in fact, could not recall whether Movant had asked him to do so, this Court finds that Movant has established that he asked his counsel to appeal his sentence. As a result, Batista's performance was objectively unreasonable, because he failed to fulfill his constitutional duty to file a notice of appeal as requested. Second, because Batista acted contrary to Movant's wishes to file an appeal, prejudice is presumed, regardless of whether Movant can identify any meritorious grounds for appeal that would fit one of the exceptions contained in his appeal waiver. Thus, Movant has satisfied the two prongs of the *Strickland* test and is entitled to an out-of-time appeal.

(*Id.* 12 (alteration added)).

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." (alteration added)). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (alterations added; citing *Nettles v.*

*Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

The undersigned has reviewed the Report, the record, and the applicable law to assure herself that no clear error appears on the face of the record. In the light of that review, the undersigned agrees with the analysis and recommendations stated in Magistrate Judge Reid's Report, and agrees with her conclusion that the Amended Motion should be granted, and Movant should be afforded an opportunity to appeal.[1] Accordingly, it is

**ORDERED AND ADJUDGED** that the Report **[ECF No. 46]** is **AFFIRMED AND ADOPTED** as follows. Movant's Amended Motion to Vacate **[ECF No. 7]** is **GRANTED**. Movant may file a belated appeal in his criminal case, case number 17-cr-20384. The Court will enter an amended judgment of conviction from which appeal may be taken so that Movant may file a notice of appeal. Final judgment shall issue separately.

**DONE AND ORDERED** in Miami, Florida, this 15th day of September, 2021.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:    Magistrate Judge Lisette M. Reid
       counsel of record

---

[1] Given that Movant is entitled to relief on the discussed ineffective assistance of counsel claim, the Court need not reach the remaining grounds.